IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAQUAN TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-306-DWD |
| | ) |
| RICHARD OAKLEY, | ) |
| PATTY SNEED, | ) |
| JOHN BALDWIN, | ) |
| COREY LAUER, | ) |
| JORDAN REES, | ) |
| KRISTA ALSUP, | ) |
| DONALD LINDENBERG, | ) |
| NATHAN MCCARTHY, | ) |
| JONATHAN WEBB, | ) |
| ADAM REYNOLDS, and | ) |
| FRANK LAWRENCE,[1] | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff Raquan Taylor, an inmate in the custody of the Illinois Department of Corrections, alleges that Defendants failed to protect, or failed to intervene to protect, him from threats and assaults tied to the "Black P. Stones" gang at Menard Correctional Center. On August 24, 2020, Defendants moved for summary judgment on the issue of exhaustion of administrative remedies. (Doc. 34). With their motion, Defendants filed a Federal Rule of Civil Procedure 56 notice warning Taylor of the consequences of failing

---

[1] The Clerk of Court shall correct the docket sheet to reflect the full names of Defendants Oakley, Lauer, Rees, Lindenberg, McCarthy, Webb, and Reynolds.

to respond to their motion in a timely manner. Taylor's response to Defendants' motion was due September 28, 2020, but that deadline has come and gone without a response. As a result, Defendants' motion is unopposed. As such, pursuant to Local Rule 7.1(c), the Court may, in its discretion, deem Taylor's failure to timely respond an admission of the merits of Defendants' motion.

## FACTUAL BACKGROUND

As limited by the Court's threshold order (Doc. 13), Plaintiff Raquan Taylor is proceeding on three claims:

> Count 1: Eighth Amendment failure to protect claim against Richard Oakley, Jonathan Webb, and Adam Reynolds for failing to protect Taylor from a September 26, 2018 assault on the yard at Menard;
>
> Count 2: Eighth Amendment failure to protect claim against Corey Lauer, Jordan Rees, Krista Alsup, Donald Lindenberg, and Nathan McCarthy for failing to protect Taylor from an assault in a medical holding cell on February 6, 2019; and
>
> Count 3: Eighth Amendment failure to intervene claim against John Baldwin and Patty Sneed for denying Taylor's appeal of the denial of his protective custody request in December 2018.

Defendants concede that Taylor has exhausted his claims in Count 3, but they seek summary judgment due to Taylor's failure to exhaust administrative remedies as to Counts 1 and 2.

Defendants' motion included records from the Administrative Review Board ("ARB"). The records reflect a single grievance submitted during the relevant time period. Taylor had a hearing before the ARB in December 2018 on that grievance, which related to the denial of his request for protective custody in November 2018. Defendant

Patty Sneed, with Defendant John Baldwin concurring, denied Taylor's grievance following the December 11, 2018 hearing. (Doc. 35-2). No other grievances are in the record before the Court.

## ANALYSIS

Summary judgment is "proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. §1997e(a). The Act states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. As an inmate confined within the IDOC, Plaintiff was required to follow the regulations contained in the IDOC's Grievance Procedures for Offenders ("grievance procedures") to exhaust his claims properly. *See* 20 ILL. ADMIN. CODE §504.800, *et seq*.

The grievance procedures require inmates to file their grievance with the counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE §504.810(a). The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE §504.810(c). Grievances that are unable to be resolved through routine channels are then sent to a grievance officer. *See* 20 ILL. ADMIN. CODE § 504.820(a). The grievance officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). The Chief Administrative Officer (CAO) then reviews the findings and recommendation of the grievance officer and issues a written decision to the inmate. 20 ILL. ADMIN. CODE § 504.830(e). If the inmate is not satisfied with the response, he can file an appeal it through the ARB. *See* 20 ILL. ADMIN. CODE § 504.850(a). Only after a grievance is reviewed by the ARB is it deemed exhausted.

Here, the records before the Court clearly show that Taylor did not file grievances related to his claims in Count 1 or Count 2 within 60 days of any alleged incident. Given Taylor's failure to respond to Defendants' motion in a timely manner after being warned of the consequences of such a failure, the Court finds it appropriate to deem his failure to respond an admission of the merits of Defendants' motion. The Court further finds that record supports granting the motion and dismissing all claims in Count 1 and Count 2 for failure to exhaust administrative remedies.

## CONCLUSION

For the above-stated reasons, Defendants' motion for summary judgment (Doc. 34) is **GRANTED**. All claims in Counts 1 and 2 against Defendants Richard Oakley, Jonathan Webb, Adam Reynolds, Corey Lauer, Jordan Rees, Krista Alsup, Donald Lindenberg, and Nathan McCarthy are **DISMISSED without prejudice** due to Plaintiff Raquan Taylor's failure to exhaust administrative remedies prior to filing suit. The Clerk of Court shall terminate these Defendants from the docket sheet. Only Taylor's claims in

Count 3 against Defendant Patty Sneed and Defendant John Baldwin remain pending.

**SO ORDERED.**

Dated: March 10, 2021

_____
DAVID W. DUGAN
United States District Judge